IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAZ COMPANY, INC., | ) | CASE NO. 5:05CV814 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ESSELTE CORPORATION, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendant. | ) | |

This matter is pending before the Court on Defendant's Motion to Stay Pending Arbitration (ECF #8). For the reasons that follow, Defendant's Motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, Kaz Company, Inc. ("Kaz") filed this action against Defendant Esselte Corporation ("Esselte") on March 28, 2005, seeking commissions owed to it under two contracts between the parties. The first contract was entered by the parties on or about April 1, 2003 ("2003 Agreement). On or about April 1, 2004, the 2003 Agreement was terminated and the parties entered a second contract. ("2004 Agreement") The Defendant terminated the 2004 Agreement on July 18, 2004. Plaintiff's Complaint asserts that it is due commission under the 2003 Agreement and alleges claims of

breach of contract, violation of Ohio R.C. §1335.11 and unjust enrichment. On May 20, 2005, Defendant filed the instant motion to stay pending arbitration pursuant to 9 U.S.C. §3, asserting that both contracts at issue contain binding arbitration clauses requiring the parties to arbitrate the dispute raised by Plaintiff in this action.  Plaintiff sought and was granted 90 days to allow discovery to substantiate claims of fraudulent inducement of the arbitration clause.  Plaintiff filed its opposition to Defendant's motion on September 1, 2005.  Defendant has filed a reply brief in support of its motion.  The motion is now fully briefed and ready for decision.

## DISCUSSION

Both Agreements contain the identical choice of law and arbitration clauses as follows:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the principles thereof relating to conflicts of law.
> Any dispute(s) between the parties hereto arising out of or relating to this Agreement shall be submitted to the American Arbitration Association in New York City for arbitration of the dispute(s) pursuant to the rules and regulations of the American Arbitration Association then in effect.  It is mutually agreed that any decision of the association shall be binding upon both parties to the Agreement.

ECF #1, Exhibits A and B, ¶ 10.  Because this action concerns arbitration agreements involving transactions in interstate commerce, the Federal Arbitration Act governs.  The Federal Arbitration Act embodies "the strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The policy supporting the Act is to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean*

*Witter* at 219, 105 S.Ct. 1238; *Ferro Corp. v. Garrison Indus., Inc.,* 142 F.3d 926, 932 (6th Cir.1998).

In deciding whether to order arbitration, courts consider four principal issues: (1) whether the parties agreed to arbitrate the dispute; (2) the scope of the arbitration agreement; (3) if federal claims are asserted, whether Congress intended arbitration to govern the claims, and (4) if only some claims are arbitrable, whether to stay the proceedings pending arbitration. *H & M Charters, Inc. v. Reed,* 757 F.Supp. 859, 864 (S.D.Ohio 1991) (quoting *Creative Securities Corp. v. Bear Stearns & Co.,* 671 F.Supp. 961 (S.D.N.Y.1987); *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.,* 760 F.Supp. 1273, 1278 (S.D.Ohio 1990).

The Plaintiff argues that it did not agree to arbitrate disputes under the contracts and that the arbitration clause is unconscionable.[1] An arbitration agreement may be voided for the same reasons for which any contract may be invalidated, including unconscionability. *Glazer v. Lehman Brothers, Inc.,* 394 F.3d 444, 450 (6th Cir. 2005). Courts apply state-law principles that govern formation of contracts to determine whether the agreement is void. *Id.* In this case, the contracts signed by the parties include a forum selection clause designating New York as the law that shall govern construction of the contracts. Plaintiff asserts that the forum selection clause is also unconscionable and should be rejected. In any event, the contract principles governing unconscionablity are substantially the same in New York and Ohio.

---

[1] Interestingly, despite Plaintiff's request for additional time for discovery to support a fraudulent inducement claim, Plaintiff does not now allege that it was fraudulently induced to enter the contracts or the arbitration clauses.

The unconscionability doctrine embodies two separate components: "(1) substantive unconscionability, *i.e.,* unfair and unreasonable contract terms, and (2) procedural unconscionability, *i.e.,* individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible." *Jeffrey Mining Prods. L.P. v. Left Fork Mining Co.,* 143 Ohio App.3d 708, 718, 758 N.E.2d 1173 (2001); *Sablosky v. Gordon Co.,* 73 N.Y.2d 133, 138, 538 N.Y.S.2d 513, 535 N.E.2d 643 (1989); *Providian Nat. Bank v.McGowan*, 179 Misc.2d 988, 687 N.Y.S.2d 858 (N.Y.City Civ.Ct.1999). A certain "quantum" of both substantive and procedural unconscionability must be present to find a contract unconscionable. *Collins,* 86 Ohio App.3d at 834, 621 N.E.2d 1294. In addition, the federal policy favoring arbitration is taken into consideration even in applying ordinary state law. *Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1014 (6th Cir.2003) (quoting *Great Earth Cos. v. Simons,* 288 F.3d 878, 887 (6th Cir.2002).

Substantive unconscionability involves those factors which relate to the contract terms themselves and whether they are commercially reasonable.. *Dorsey v. Contemporary Obstetrics & Gynecology, Inc.,* 113 Ohio App.3d 75, 80, 680 N.E.2d 240 (1996) (citing *Collins,* 86 Ohio App.3d at 834, 621 N.E.2d 1294). A test for substantive unconscionability is whether one or more of the key terms of the contract is unreasonably favorable to one party. *People v. Two Wheel Corp.,* 71 N.Y.2d 693, 699, 530 N.Y.S.2d 46, 525 N.E.2d 692 (1988). Although there is no general test for the unreasonableness of a contract, the Court of Appeals has stated that "[a]n unconscionable contract * * * [is] one which 'is so grossly unreasonable or unconscionable in light of the mores and business practices of the time and place as to be unenforceable according to its literal terms.' " *Gillman v. Chase Manhattan Bank,* 73 N.Y.2d 1, 10, 537 N.Y.S.2d 787, 534 N.E.2d 824 (1988), quoting

*Mandel v. Liebman,* 303 N.Y. 88, 94, 100 N.E.2d 149.

In determining procedural unconscionability, courts look to "factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible." *Cross v. Carnes,* 132 Ohio App.3d 157, 170, 724 N.E.2d 828 (1998). "The crucial question is whether 'each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print ...?' " *Ohio Univ. Bd. of Trs. v. Smith,* 132 Ohio App.3d 211, 724 N.E.2d 1155 (1999) (quoting *Williams v. Walker-Thomas Furniture Co.,* 350 F.2d 445, 449 (D.C.Cir.1965)). *Gillman v. Chase Manhattan Bank,* 73 N.Y.2d 1, 537 N.Y.S.2d 787, 534 N.E.2d 824 (1988) (A claim of procedural unconscionability is judged by whether the party seeking to enforce the contract used high pressure tactics or deceptive language, and whether there was inequality of bargaining power between the parties.)

Plaintiff claims that the arbitration clause and the choice of law provision in the Agreements are unconscionable because they were not negotiated and were presented in a boilerplate fashion. Plaintiff states that it had no option but to sign the Agreements or reject them. Plaintiff further contends that it did not realize it was giving up its right to judicial process and trial by jury or that arbitration would be in New York and would involve substantial cost. Plaintiff's allegations are conclusory at best. Defendant contends that the 2003 Agreement at issue was negotiated as evidenced by the fact that paragraph 4(f) was scribbled out and initialed by Ms. Hirko as president of Plaintiff and by Mr. Stubberfield on behalf

of Defendant. Thus, it appears that at least some of the provisions of the Agreement were negotiable. The fact that Ms. Hirko did not negotiate to remove the arbitration clause or was unsuccessful in negotiating its removal does not mean the agreement was unconscionable.

Further, it does not appear that the arbitration clause is unreasonably favorable to the Defendant. Plaintiff alleges that the arbitration agreement requires Plaintiff to give up its right to judicial process and arbitrate in New York at a substantial cost. As the provision applies equally to both parties, it is no more burdensome on one than the other. Moreover, to the extent that Plaintiff alleges that it did not understand that arbitration would take place in New York, or that it was giving up its right to judicial process, the arbitration agreement is absolutely clear that any disputes would be submitted to the American Arbitration Association in New York City and that any decision of the association shall be binding. Ms. Hirko testified at her deposition that she read both the 2003 and 2004 Agreements before she signed them, that she agreed to be bound by them when she signed them and that in each case she signed the Agreement at least 6 days after Defendant. It is clear that Ms. Hirko had time to consult an attorney regarding the Agreements before signing them. The only evidence before the Court demonstrates that Ms. Hirko had a "reasonable opportunity to understand the terms of the contract" and that no important terms were hidden in a maze of fine print. Finally, while the filing fee for Plaintiff's claim is substantial, it is based on the size of Plaintiff's claim and there is no evidence before the Court to support Plaintiff's contention that the filing fee would create a financial hardship for Plaintiff. Since there is no evidence that the Agreements were either procedurally or substantively unconscionable, the arbitration agreements are not invalid or revocable.

Plaintiff also argues that the Arbitration and Choice of Law provisions are unenforceable under

Ohio Revised Code §1335.11 which governs payment of commissions due sales representatives. Section 1335.11 states that any provision in a contract between a sales representative and principal which would, among other things, make the contract subject to the laws of another state or limit the right of the sales representative to initiate litigation in Ohio is void. The choice of law and arbitration provisions of the Agreements run afoul of §1335.11 and thus, contends Plaintiff, may not be enforced. Defendant counters that the Federal Arbitration Act ("FAA") preempts Ohio Rev. Code §1335.11 and prevents state courts from applying state statutes to invalidate arbitration agreements. .

The Supreme Court, in reviewing a similar conflict over a state law limiting the enforceability of arbitration provisions, held that the FAA preempts state laws which purport to limit contracting parties' agreement to arbitrate. *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 ((1984).

> In enacting § 2 of [the Federal Arbitration Act], Congress declared a
> national policy favoring arbitration and withdrew the power of the states
> to require a judicial forum for the resolution of claims which the
> contracting parties agreed to resolve by arbitration.

*Id*. at 10, 104 S.Ct. at 858. The Court noted that there were only two limitations on the enforceability of arbitration provisions governed by the Federal Arbitration Act: they must be part of a written contract "evidencing a transaction involving commerce" and such clauses may be revoked upon "grounds as exist at law or in equity for the revocation of any contract." There are no additional limitations under state law. *Id*. at 10-11, 104 S.Ct at 858. Accordingly, since the Court determined that the written contract at issue involved commerce and that there were no grounds in law or equity to revoke the contract, the Court held that the California Franchise Investment Law at issue violated the

Supremacy Clause.  *See also, Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834 (1995) (reaffirming *Southland's* holding that the FAA preempts state laws that interfere with written arbitration agreements involving commerce and prevents state courts from applying state statutes that invalidate arbitration agreements.)

In this case, the Court has determined that the arbitration provisions are not unconscionable nor are there any other grounds to revoke the provisions in law or equity.  Also, there is no question but that the Agreements "involve commerce".  Moreover, the claims raised in the Complaint fall within the purview of the arbitration provisions in the Agreements.  Accordingly, Ohio Rev. Code §1335.11 may not be applied to limit the enforceability of the arbitration provisions in this dispute.

## CONCLUSION

For the reasons set forth above,  Defendant's Motion to Stay Pending Arbitration (ECF #8) is granted in that the dispute at issue is subject to arbitration. However, since arbitration will resolve the issues in suit, this action is dismissed without prejudice subject to reinstatement should further proceedings be needed after arbitration.

IT IS SO ORDERED.

  /s/Donald C. Nugent
JUDGE DONALD C. NUGENT

DATED:  November 17, 2005